UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BRENDA L. LEE,

      Plaintiff,

v.                                      ACTION NO. 2:18cv214

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

      Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In this appeal from a denial of disability benefits under Title II of the Social Security Act, Plaintiff Brenda L. Lee has moved to remand the case for a new administrative hearing on the grounds that the Administrative Law Judge (ALJ) who initially resolved her claim was an "inferior officer" whose appointment did not comply with the Appointments Clause of the Constitution. She argues that the defective appointment mandates remand for a new hearing under the Supreme Court's recent decision in Lucia v. SEC, 138 S. Ct. 2044 (2018). The Commissioner opposes remand, arguing that Lee has waived her Appointments Clause challenge by failing to timely raise it in the administrative proceedings. Both parties requested that the court resolve the Appointments Clause issue prior to briefing the substance of Lee's other challenges to the Commissioner's decision. For the

1

reasons set forth in detail below, this Report recommends the court DENY Lee's Motion to Remand.

## I. FACTUAL & PROCEDURAL HISTORY

Prior to her federal court action, Lee's claim proceeded to a hearing before an ALJ employed by the Social Security Administration to adjudicate claims which had been denied at the initial review stage. Compl. ¶ 5. Hearings before the ALJ are non-adversarial, the claimant contesting the denial without opposition from the Government. Sims v. Apfel, 530 U.S. 103, 110-11 (2000). Although the ALJ has the obligation to develop arguments both for and against the award of benefits, the regulations do impose an obligation on the Claimant to present to the ALJ in the first instance all the reasons supporting disability. See e.g., 20 C.F.R. § 404.933(a)(2). Following the ALJ's adverse decision, Lee appealed to the Appeals Council, which denied review, making the ALJ's opinion an appealable final decision of the Commissioner. Compl. ¶ 6. Lee initiated this action for review under 42 U.S.C. § 405(g), which permits parties aggrieved by the final decision to obtain review in federal court. The statute also specifically precludes this court from remanding for new evidence except upon narrow grounds. See Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985) (citing 42 U.S.C. § 405(g) and defining test to remand on

2

the basis of evidence not presented in administrative proceedings). Lee now claims the ALJ who rendered the administrative decision is an "inferior officer," whose appointment was required to comply with the Appointments Clause. U.S. Const. art. II § 2. Because the ALJ was not appointed by the agency's department head, she seeks remand for a new administrative hearing.

In Lucia, the Supreme Court held that ALJs employed by the Securities and Exchange Commission were inferior officers of the United States subject to the Appointments Clause. That clause specifies "the permissible methods of appointing 'Officers of the United States,' a class of government officials distinct from mere employees." Lucia, 138 S. Ct. at 2049. Specifically, it requires such officers be appointed by the President, a court of law, or head of department. Jones Bros. v. Sec'y of Labor, 898 F.3d 669, 676 (6th Cir. 2018) (citing U.S. Const. art. II, § 2, cl. 2). The appointment challenged in Lucia involved an ALJ who had imposed sanctions after contested proceedings. Lucia, 138 S. Ct. at 2050. The court determined that the ALJ held "a continuing office established by law" and exercised "significant discretion" when carrying out "important functions." Id. at 2053. As a result, the ALJ was not a mere employee of the agency but an officer whose appointment required

3

action by the President, a court of law, or the department head. Because the ALJ in Lucia was not appointed by the Securities and Exchange Commission itself (equivalent to the department head), his appointment was defective and his action imposing the sanction a nullity. See id. at 2055.

Following Lucia, many Social Security claimants have raised similar challenges to the appointment of ALJs adjudicating their claims. See, e.g. Davidson v. Comm'r of Soc. Sec., No. 2:16cv102, 2018 WL 4680327 (M.D. Tenn. Sept. 28, 2018); Nickum v. Berryhill, No. 17-2011-SAC, 2018 WL 6436091, at *6 (D. Kansas Dec. 7, 2018). The Commissioner here has not conceded that the ALJ's duties are sufficiently similar to those of the SEC adjudicators to render their appointment similarly defective. But the court need not resolve that issue, the Commissioner contends, as Lee has forfeit her right to raise the Appointments Clause challenge by failing to raise it in her administrative proceedings. While conceding that the ALJ's appointment was not raised in her administrative proceedings, Lee argues that the constitutional issue should not be waived because Lucia was decided after the ALJ ruled, and because the ALJ lacked any ability to correct defects in his own appointment.

## II. **ANALYSIS**

An as-applied, constitutional challenge under the Appointments Clause is non-jurisdictional, and thus ordinarily waived by a party's failure to raise it in administrative proceedings. See Bennett v. SEC, 844 F.3d 174, 188 (4th Cir. 2016) (dismissing Appointments Clause challenge where plaintiff failed to raise it before the agency); see also Freytag v. Comm'r, 501 U.S. 868, 878-79 (1991); Jones Bros., 898 F.3d at 677. Although the Supreme Court in Freytag exercised discretion to review an untimely Appointments Clause challenge, it emphasized that the facts presented a "rare case" in which waiver would be excused. Freytag, 501 U.S. at 879; see also Jones Bros., 898 F.3d at 677-78.

In order to avoid waiver, Lee first argues that presentation of the issue first in this court should be deemed adequate to raise the challenge because Lucia was decided after the Commissioner initially resolved her claim. But Lucia resolved a circuit split regarding the validity of ALJ appointments. Jones Bros. 898 F.3d at 673 (noting that plaintiff raised the split of authority on the Appointments Clause issue in administrative proceedings); Page v. Comm'r of Soc. Sec., No. 17-13716, 2018 WL 5668850, at *3 n.4 (E.D. Mich. Oct. 31, 2018) (noting circuit split as recognized in the Tenth

5

Circuit in 2016). And the Lucia opinion itself noted it was the petitioner's "timely" assertion of Appointment Clause challenges which merited relief. Lucia, 138 S. Ct. at 2055. In this case, Lee's original hearing before the ALJ took place in March 2017, months after the circuit split on the Appointments Clause issue had been identified. Compl. ¶ 5. This should have permitted her to timely assert the issue in her administrative proceedings. See Faulkner v. Comm'r of Soc. Sec., No. 1:17cv1197, 2018 WL 6059403 (W.D. Tenn. Nov. 19, 2018) (dismissing Lucia challenge because circuit split gave notice sufficient to raise the challenge administratively). Accordingly, the fact that the Supreme Court resolved the Appointments Clause issue after Lee received a final decision from the Commissioner is insufficient to excuse the forfeiture.

It also does not matter that individual ALJs may have lacked power to address their own appointments. Under the statutory scheme for appellate review in district court, only a final decision of the Commissioner is appealable to this court. 42 U.S.C. § 405(g). As the SSA has already apparently recognized, it retained the ability to cure any Lucia-related defect in the appointment of ALJs by having the Commissioner herself (as department head) confirm the appointments. See Page, 2018 WL 5668850, at *1 (citing Solicitor General

6

memorandum calling for new appointment or ratification of all ALJs implicated in Lucia).[1] Thus, the fact that individual ALJs lacked such authority is also insufficient to avoid waiver.

In L.A. Tucker Truck Lines, the plaintiff also sought to excuse a failure to object to a defect in the manner of the appointment of an administrative hearing officer appointed by the Interstate Commerce Commission. United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33, 35 (1952). Plaintiff there had argued that there should be no waiver because the Commission already had a "predetermined policy on th[e] subject which would have required it to overrule the objection if made." Id. at 37. In rejecting this as a basis to avoid waiver, the Supreme Court noted the Commission retained the ability to cure the problem. And that notwithstanding its express policy, if it was "obliged to deal with a large number of like cases[,] [r]epetition of the objection in them might lead to a change of policy, or, if it did not, the Commission would at least be put on notice of the accumulating risk of wholesale reversals being incurred by its persistence." Id. The rationale of L.A. Tucker Truck Lines

---

[1] The SSA guidance on the issue indicates that on July 16, 2018, the Acting Commissioner "ratified the appointment of ALJs and AAJs and approved their appointments as her own in order to address any Appointments Clause questions involving SSA claims." See Emergency Message, EM-18003 REV 2, available at ssa.gov/apps10/reference.nsf/links08062018021025PM, last visited Dec. 20, 2018.

7

applies with equal force here. The Social Security Administration retained the ability to correct any Lucia-related defect in its ALJ appointments. Requiring such challenges to be presented in the administrative process ensures that it has the opportunity to do so, or failing that has warning of the potentially serious consequences.

Lee has not expressly argued that her Appointments Clause challenge is jurisdictional (and thus not waivable), but other courts to address the issue have almost universally concluded that it is not. The question of whether the Plaintiff must raise a constitutional challenge at the administrative level ordinarily turns on whether the constitutional challenge is "as applied" or "facial." Davidson, 2018 WL 4680327 at *1 (quoting Jones Bros., 898 F.3d at 676). If the challenge is "as applied," then the defect is non-jurisdictional, and the parties are expected to raise the challenge at the administrative level and are held "responsible for failing to do so." Jones Bros., 898 F.3d at 676. By contrast, facial challenges to administrative proceedings which contest the constitutionality of a legislative act itself may generally be presented for the first time on judicial review. This is so because the Agency has no power to invalidate the statute from which it derives its existence. Id. at 673-74. In this case, Lee presents an as-

applied challenge, and she was required to present it administratively or risk waiver.

In Jones Bros., which considered a post-Lucia Appointments Clause challenge to an ALJ appointed under the Mine Act, the Sixth Circuit very cogently explained when such challenges require exhaustion. See Jones Bros., 898 F.3d at 673-77. In that case, the Court considered a plaintiff which had raised - but not fully developed - a challenge to the appointment of the ALJ who had imposed civil penalties against a construction firm accused of improperly excavating gravel. Before reaching the question of the validity of his appointment, the court first considered whether it could entertain the challenge in light of the undeveloped argument in the administrative forum. In deciding whether the Plaintiff was required to present the constitutional challenge there, the court observed that nothing in the Mine Act itself required the improper appointment. Instead, the defective appointment resulted from the Commission's error in adopting (administratively) an appointment process which did not comport with the Constitution. The court wrote that "many constitutional claims . . . turn on misused agency discretion, not statutory validity." Id. at 675. In such circumstances the administrative agency is empowered to correct the error - and requiring exhaustion at the

9

administrative level preserves its ability to do so. Had the Mine Act itself (a legislative act) imposed the unconstitutional appointment scheme, then the Commission would have been without power to correct any error, and an Article III court would be "senseless" to enforce a forfeiture. Id. at 677. Where, however, the "Commission was fully suited to entertain the claim and remedy any error at the time" of the original administrative action, the petitioner had an obligation to raise it or forfeit review. Id.

Lee's Appointments Clause challenge here is analogous. Nothing in the Social Security Act requires the allegedly unconstitutional process the SSA adopted to appoint hearing officers. As in Jones Bros., the Social Security Administration itself retains the power to constitutionally appoint ALJs, and in fact ratified all the previous appointments shortly after Lucia was decided. See Page, 2018 WL 5668850, at *1; SSA Emergency Message, *supra* fn. 1. Because Lee's Appointments Clause challenge presented no structural problem which was outside the Agency's ability to resolve, or which depended on the exercise of Article III powers, she was required to raise it administratively.

The principal case cited to avoid the waiver argument in the Social Security context is Sims v. Apfel, 530 U.S. 103 (2000). There the Supreme Court held that Social Security claimants who had exhausted all levels of administrative review were not required to preserve each contested issue by separately raising it before the Appeals Council. Id. at 109-12. But, in so holding, the Court explicitly noted that the case did not involve the question of "whether a claimant must exhaust issues before the ALJ." Id. at 107. Examining only whether issues decided by the ALJ must be separately identified in the administrative appeal to preserve judicial review, the Court found no statutory requirement for issue exhaustion at the Appeals Council level. It also declined to impose one judicially, distinguishing past cases which had done so. See id. at 108 (citing U.S. v. L.A. Tucker Truck Lines, 344 U.S. 33 (1952); Hormel v. Helvering, 312 U.S. 552 (1941)).

The court in Sims relied primarily on the inquisitorial nature of the Social Security hearing process. Hearings are conducted in an "informal, nonadversary manner," and involve a short form-based process for initiating appeals. Id. at 111-12 (quoting 20 C.F.R. § 404.900(b)). As a result, the Court found that the "Council does not depend much, if at all, on claimants to identify issues for review." Id. at 112. Relying on this

description of the Commission's informal appellate process, the Court found claimants did not need to specifically raise with the Appeals Council each issue they sought to raise in federal court.[2]

Apart from the express limits of its holding, which dealt exclusively with exhaustion at the Appeals Council level, there is ample authority to suggest Sims should not be extended to excuse a claimant's failure to preserve Constitutional questions during the administrative process. First, the Commission's implementing regulations expressly require claimants to present all matters supporting their claim of disability, including any objection to the ALJ appointed to conduct the hearing. 20 C.F.R. § 404.940 (requiring objection at the "earliest opportunity"); cf. 42 U.S.C. § 405(g) (permitting remand for further evidence only upon a showing of "good cause for the failure to incorporate such evidence into the record in a prior proceeding"). Since Sims, numerous federal courts have reaffirmed the vitality of administrative exhaustion in the Social Security context. See, e.g., Shaibi v. Berryhill, 883 F.3d 1102, 1109 (9th Cir. 2017) ("[A]t least when claimants are

---

[2] In fact, Justice O'Connor, who joined in the judgment, wrote separately, resting her decision on the regulation's failure to warn claimants to specify each issue on appeal at the risk of forfeiture, and on the plenary nature of Appeals Council review in the Social Security claims adjudication process. Sims, 530 U.S. at 114 (O'Connor, J., concurring).

12

represented by counsel, they must raise all issues and evidence at the administrative hearings in order to preserve them on appeal") (quoting Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 199)); Maloney v. Comm'r of Soc. Sec., 480 F. App'x 804, 810 (6th Cir. 2012) (claimant waived argument not presented to ALJ or Appeals Council); Anderson v. Barnhart, 344 F.3d 809, 814 (8th Cir. 2003) (holding claimant's failure to raise disability claim based on obesity waived the claim from review on appeal);

In addition, the adversarial model distinguished in Sims is not the only rationale for enforcing the waiver rule for Appointments Clause challenges. Efficiency interests – particularly relevant here – also animate the rule. See, Barnhart v. Thomas, 540 U.S. 20, 28-29 (2003) (observing that the SSA operates "probably the largest adjudicative agency in the western world." (quoting Heckler v. Campbell, 461 U.S. 458, 461 n.2 (1983)); L.A. Tucker Lines, Inc., 344 U.S. at 37 ("[O]rderly procedure and good administration require that objections to the proceedings of an administrative agency be made while it has opportunity for correction in order to make issues reviewable by the courts.").

All of the foregoing leads to the conclusion already adopted by the vast majority of district courts to consider these arguments: A challenge to the appointment of the Social

13

Security Administrate Law Judge must be raised in the administrative proceedings in order to preserve it for judicial review. See, e.g., Nickum, 2018 WL 6436091, at *6; Page, 2018 WL 5668850, at *3 (magistrate judge denying leave to amend as futile); Garrison v. Berryhill, No. 1:17cv302, 2018 WL 4924554, at *2 (W.D.N.C. Oct. 10, 2018); Davidson, 2018 WL 4680327 ("Because plaintiff did not raise her as applied constitutional challenge at the administrative level or argue that she had good cause for her failure to do so, Plaintiff has waived her challenge to the appointment of her Administrative Law Judge."); Iwan v. Comm'r of Soc. Sec., No. 17cv97, 2018 WL 4295202 at *9 (N.D. Iowa, Sept. 10, 2018); Hugues v. Berryhill, No. 17cv3892, 2018 WL 3239835, at *2 n.2 (C.D. Cal., July 2, 2018). Finding the rationale expressed in these opinions persuasive, I also conclude that Lee was required to at least present her Appointments Clause challenge in the administrative proceedings. Having failed to do so, it is waived. In light of the remedial action already taken by the Commissioner to correct any defect in ALJ appointments, there is nothing about Lee's individual claim for benefits which makes it the "rare case" for which waiver should be excused. Freytag, 501 U.S. at 79.

### III. <u>RECOMMENDATIONS</u>

For the foregoing reasons, the undersigned recommends that the court DENY Claimant's Motion to Remand (ECF No. 10).

### IV. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of service of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v.</u>

15

Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is DIRECTED to provide a copy of this Report and Recommendation to all counsel of record.

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

December 20, 2018