UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BRENDA L. LEE,

      Plaintiff,

v.                                  ACTION NO. 2:18cv214

NANCY A. BERRYHILL, *Acting
Commissioner of Social Security
Administration*,

      Defendant.

## ORDER

Plaintiff, Brenda L. Lee ("Plaintiff"), with the assistance of counsel, brought this action seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration ("Commissioner") denying her claims for disability benefits. The instant case was referred to a United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) & (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Local Rules of this Court, for a Report and Recommendation ("R&R").

On September 6, 2018, Plaintiff filed a motion to remand requesting that this case be remanded to the Social Security Administration for a new administrative hearing based on the Supreme Court's recent decision in Lucia v. SEC, 138 S. Ct. 2044 (2018). ECF No. 10. Additionally, on September 24, 2018, in

response to a briefing Order entered by the Court, Plaintiff filed a motion for summary judgment. ECF No. 14.

On October 22, 2018, the parties submitted a "Consent Motion to Stay Summary Judgment Briefing" pending this Court's ruling on Plaintiff's motion to remand. ECF No. 16. On October 30, 2018, the Court granted the consent motion to stay. ECF No. 18.

On December 20, 2018, the Magistrate Judge assigned to this case issued an R&R recommending denial of Plaintiff's motion to remand. ECF No. 20. By copy of the R&R, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge. On January 2, 2019, the Court received Plaintiff's Objections to the R&R. ECF No. 21. On January 16, 2019, the Commissioner filed a response to Plaintiff's objections. ECF No. 23.

Having reviewed all relevant portions of the record, the Court notes its initial concerns regarding the efficacy of Plaintiff's objections to the R&R as she fails to direct this Court to any specific errors in the Magistrate Judge's legal analysis, instead merely reiterating her prior arguments. Plaintiff's "objections" largely repeat her prior contention that her appointments clause challenge was "timely" even though it was not raised during the administrative review process, yet she fails to even discuss the Magistrate Judge's detailed analysis explaining why such claim was untimely/forfeited, including either the analysis in the R&R

distinguishing Sims v. Apfel, 530 U.S. 103 (2000) or the stated reasons why the instant case is not the "rare case" where a forfeited claim should nevertheless be addressed, Freytag v. Comm'r, 501 U.S. 868, 879 (1991). It therefore appears that, as argued by the Commissioner, this Court should simply adopt the R&R on a "clear error" review standard. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-46 (W.D. Va. 2008) (rejecting the plaintiff's "reformatting" of an earlier summary judgment brief into an "objection" to the R&R, noting the waste of judicial resources if the district court is called upon to perform an identical task to the magistrate judge (citing United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007))).

However, out of an abundance of caution, this Court has conducted a de novo review of the objected to portions of the R&R, and the Court hereby **ADOPTS** the findings and recommendations set forth therein.[1] Plaintiff's Motion to Remand is therefore **DENIED**. ECF No. 10. The parties are **INSTRUCTED** to follow the briefing schedule established in the Court's Consent Order dated October 30, 2018. ECF No. 18.

---

[1] To the extent Plaintiff suggests in her objections that she "raised her claim at the earliest possible opportunity after Lucia was decided," ECF No. 21, at 3-4, the Commissioner effectively highlights the fact that Plaintiff, represented by counsel, had ample notice of the ability to raise the ALJ appointment issue during her administrative proceeding in light of the existence of a Circuit split on this issue, as well as the fact that the Lucia opinion is self-described as an application of existing Supreme Court precedent. See Lucia, 138 S. Ct. at 2053 ("Freytag says everything necessary to decide this case.").

3

The Clerk is requested to forward a copy of this Order to counsel of record.

**IT IS SO ORDERED.**

/s/ [signature]
Mark S. Davis
Chief United States District Judge

Norfolk, Virginia
March 21, 2019